IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES L. ELLIS, JR.,** | |
| Plaintiff, | |
| v. | Case No. 25-cv-454-NJR |
| **CENTRALIA CORRECTIONAL CENTER, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James L. Ellis, Jr., an inmate of the Illinois Department of Corrections who is currently incarcerated at the Cook County Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Centralia Correctional Center. In the Complaint, Ellis alleges that Defendants used excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On August 7, 2024, while at Centralia Correctional Center, a correctional officer woke Ellis and informed him that he had a court date (Doc. 1, p. 3). Ellis told the officer that the court hearing

was by Zoom and not in person, but the officer told Ellis to take it up with the lieutenant (*Id*.). Ellis dressed and walked to the sally port and met with John Doe #1 Lieutenant (*Id*.). Ellis told John Doe #1 that his hearing was by Zoom, but John Doe #1 told Ellis he was leaving the prison for his hearing (*Id*.). Ellis refused to leave.

John Doe #2 came into the sally port with restraints and tried to place them on Ellis's hands, but Ellis moved his hands (Doc. 1, p. 3). John Doe #2 then placed his arms around Ellis's neck in a chokehold, causing Ellis to pass out (*Id*.). When Ellis came to, he questioned John Doe #2 about his actions, and John Doe #2 stated that he choked Ellis because he is black (*Id*.). John Doe #2 also placed restraints on his hands and ankles so tight that the restraints caused lacerations and bruises (*Id*. at p. 4).

The officers then placed Ellis in a wheelchair and wheeled him to the transport van (Doc. 1, p. 4). Ellis questioned John Doe #1 about the officer's actions. In response, John Doe #1 placed a bag over Ellis's head, told him to shut up, and started choking him (*Id*.). John Doe #3 held Ellis while he was choked by John Doe #1. The entire time, John Doe #3 told Ellis to quit talking (*Id*.). John Doe #3 started banging Ellis's head into the van window (*Id*.).

Ellis continued to refuse transport to the courthouse (Doc. 1, p. 4). He was eventually placed in confinement. He asked for pain medication and to see a doctor. Ellis was given a disciplinary ticket for the incident (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment excessive force claim against John Doe #1, John Doe #2, and John Doe #3 for their use of force on August 7, 2024.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Ellis states a viable claim in Count 1 against John Doe #'s 1-3 for their use of force while trying to transport Ellis on August 7, 2024. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) ("The core requirement for [an excessive force claim] is that [Defendant] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.'"). The Court **ADDS** the current warden of Centralia, Jeffrey Wehking, in his official capacity only, to respond to discovery aimed at identifying the unknown officers.

## Motion for Counsel

In addition to the Complaint, Ellis filed a motion requesting counsel (Doc. 4). Ellis notes that he is a high school graduate but does not otherwise indicate why he needs counsel. He also fails to identify any attempts to obtain counsel on his own. In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Because Ellis fails to demonstrate that he has sought counsel for this case, his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Ellis to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from

---

[1] This includes any claim against Centralia Correctional Center. The prison is identified in the case caption, but it cannot be liable because the prison is not a "person" amendable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #'s 1-3. Jeffrey Wehking is added, in his official capacity only, to respond to discovery aimed at identifying the John Does.

The Clerk of Court shall prepare for Jeffrey Wehking: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because the warden is only in the case for purposes of responding to discovery, he does not need to file an Answer. Once counsel for Defendant has entered his appearance, the Court will enter a scheduling order setting forth discovery deadlines for identifying the John Does.

If judgment is rendered against Ellis, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Ellis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 12, 2025**

  _____
  **NANCY J. ROSENSTENGEL**
  **Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance. One Defendant has appeared through counsel, the Court will enter a Scheduling Order containing important information on discovery related to the John Doe defendants and other procedures. This may take **60 to 90 days**. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**